**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlotte Tsosie, | No. CV-25-08065-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, *et al.*, | |
| Defendants. | |

At issue is Defendant United States of America's ("United States") Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") (Doc. 18), Motion to Substitute Party and Response to Application of Default ("Motion to Substitute") (Doc. 24), and Motion to Set Aside Entry of Default and Motion to Amend United States' Motion to Dismiss to Include FDIHB as a Movant ("Motion to Set Aside and Amend") (Doc. 26). Each pending Motion has been fully briefed. For the reasons set forth below, the Court will order the parties to submit supplemental briefing regarding the Motion to Dismiss, grant the Motion to Substitute, and grant in part and deny in part the Motion to Set Aside and Amend.

**I.   BACKGROUND**

On March 24, 2025, Plaintiff filed a complaint against Defendants United States, Fort Defiance Indian Hospital Board, Inc. (the "Board"), and Dr. Mohammad Akhavanheidari for a medical malpractice claim arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. The United States timely filed its presently pending

Motion to Dismiss, and the Board filed nothing. The Court ordered Plaintiff to either apply for entry of default or file a status report as to the Board. (Doc. 22.) Plaintiff promptly filed her Request for Entry of Default (Doc. 23) against the Board. In response, the United States requested that it be substituted for the Board and argued that default as to the Board was inappropriate. (Doc. 24 at 1–2). The next day, the Clerk of Court entered default as to the Board. (Doc. 25.) The United States moves to set aside the default and amend its pending Motion to Dismiss to include the Board as a movant. (Doc. 26.)

## II.   SUBSTITUTION OF THE BOARD

"The FTCA waives the sovereign immunity of the United States, allowing the United States to be sued for damages for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Sisto v. United States*, 8 F.4th 820, 824, 825 (9th Cir. 2021) (quoting 28 U.S.C. § 1346(b)(1)) (internal quotation marks omitted).

Pursuant to § 2679 of the FTCA, the Attorney General must defend an action brought against a federal employee so long as the Attorney General certifies that the employee was acting within the scope of employment at the time of the alleged misconduct. 28 U.S.C. § 2679(c). Thereafter, the United States is substituted for the employee as a party. 28 U.S.C. § 2679(d). The FTCA defines an "employee" of the federal government as "officers or employees of any federal agency . . . [and] persons acting on behalf of a federal agency in an official capacity . . ." 28 U.S.C. § 2671. The FTCA does not generally apply to independent government contractors. 28 U.S.C. § 2671.

The Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. §§ 5301–423, expanded FTCA coverage and "created a specific system for providing services to Indians that expressly creates FTCA liability for . . . private, tribally-operated programs." *Morales v. United States*, No. 2:18-cv-03051 TLN AC (PS), 2019 U.S. Dist. LEXIS 22029, *7-8 (E.D. Cal. Feb. 8, 2019). The ISDEAA permits the Secretary of the Department of Health and Human Services ("HHS") "to enter into self-determination contracts with Indian tribes or tribal entities, under which the tribe or tribal entity

undertakes to perform functions that would otherwise be performed by the federal government." *Sisto*, 8 F.4th at 825. A tribal organization carrying out a self-determination contract "is deemed to be part of the Public Health Service in the [HHS] while carrying out any such contract or agreement . . ." 25 U.S.C. § 5321(d).

Here, the United States requests to substitute itself for the Board as a party pursuant to 25 U.S.C. § 5321(d). (Doc. 24 at 1.) According to the United States, that statute deems the Board as a part of the HHS by virtue of entering a self-determination contract. (*Id*.) Plaintiff does not contest that § 5321(d) applies to the Board. Rather, Plaintiff argues that substitution is inappropriate because the Board failed to obtain certification from the Attorney General pursuant to 28 U.S.C. § 2679(c)–(d). (Doc. 29 at 1–2.) The United States replies that the Board is deemed a federal agency and therefore is not an employee as contemplated by § 2679(c) (Doc. 30 at 3).

Plaintiff quotes two district court cases to support the proposition that the Board must be certified under § 2679 before substitution can occur. (*See, e.g.*, Doc. 29.) Plaintiff first refers to *Wilhite v. Littlelight*, in which board directors of a tribal organization were sued in their individual capacities. No. CV 19-20-BLG-TJC, 2020 U.S. Dist. LEXIS 51127, *1–5 (D. Mont. Mar. 23, 2020). There, the individual defendants sought—and were ultimately denied—the coverage of the FTCA before seeking certification from the Attorney General under § 2679. *Id.* at *8–9. Aside from quoting this case, Plaintiff makes no attempt to draw parallels between *Wilhite* and the issue at bar. From its own assessment, the Court finds *Wilhite* distinguishable in that the defendants were individual employees sued in their personal capacity, whereas the Board is a tribal organization. (*See* Doc. 1 ¶ 1; Doc. 30 at 3.) This distinction is critical because the Ninth Circuit has already determined that the term "employee" as defined in § 2679 is limited to individuals and does not apply to entities. *Adams v. United States*, 420 F.3d 1049, 1054 (9th Cir. 2005). Plaintiff does not offer any authority or argument that the Board is nonetheless an "employee" under § 2679 despite the clear language of § 5321(d) and Ninth Circuit precedent.

Second, Plaintiff cites *Walker v. JC Lewis Primary Health Care Ctr.*, in which a healthcare center was certified as an "employee" of the federal government under the Federally Supported Health Centers Assistance Act. No. CV423-349, 2024 U.S. Dist. LEXIS 2182, *3 (S.D. Ga. Jan. 3, 2024). As the United States points out, the certification in *Walker* occurred under a distinct statute that applied to a specific category of healthcare centers—not tribal organizations operating under a self-determination contract. (*See* Doc. 30 at 4–5.) Plaintiff identifies no meaningful similarities between *Walker* and the case at bar, and the Court finds none.

The effect of § 5321(d) renders the Board a "part of the Public Health Service in the [HHS] while carrying out any such contract or agreement." Plaintiff does not dispute that § 5321(d) applies to the Board, nor does she convince the Court that the Board is an "employee" as contemplated by § 2679. Therefore, the Court grants the United States' Motion to Substitute.

### III.  DEFAULT

The United States requests to set aside the default entered against the Board because the Board "enjoys the same default exemptions of the United States" after successful substitution. (Doc. 26 at 3.) For Plaintiff's part, she argues only that the default should stand because substitution of the United States for the Board is improper under § 2679. Plaintiff failed to persuade the Court that the certification requirement of § 2679 precludes substitution in this matter, so her only argument against setting aside the Board's default is rendered futile. Accordingly, the Court will direct the Clerk of Court to set aside default as to the Board.

### IV.  AMENDMENT TO MOTION TO DISMISS

The United States requests to amend its pending Motion to Dismiss to include the Board as a movant because all arguments raised therein apply to the Board. (Doc. 26 at 3–4). The United States also asserts, and Plaintiff does not contest, that Plaintiff will suffer no prejudice from such an amendment. (*Id.*) Because the requested amendment changes no

- 4 -

substance of the Motion to Dismiss and related briefing, the Court will simply treat the Motion to Dismiss as a motion brought by both the United States and the Board for whom the United States has substituted as a party. Accordingly, the Court will deny the United States' request to amend the Motion to Dismiss to add the Board as a movant. No party may amend any part of their respective briefing regarding the Motion to Dismiss (Docs. 18, 20, 21) now pending before the Court.

## V.   ADDITIONAL BRIEFING ON MOTION TO DISMISS

Defendants United States and the Board have moved to dismiss Plaintiff's FTCA claims for lack of subject matter jurisdiction under a theory of sovereign immunity. (Doc. 18). In response, Plaintiff argues that her FTCA claim falls within the narrow exception of 25 U.S.C. § 1680c(e)(1) and survives sovereign immunity. (Doc. 20 at 3–6.) Plaintiff states that the Defendants failed "to provide (1) a PWS or physician-specific contract; (2) any credentialing or privileging documentation; (3) any IHS or hospital records addressing FTCA coverage designations," and the omission is fatal to their sovereign immunity defense. (*Id.* at 6.) In reply, the Defendants provide the documents referenced by Plaintiff and argue that those documents demonstrate that 25 U.S.C. § 1680c(e)(1) does not apply. (Doc. 21.)

No later than seven days from the date of this Order, Plaintiff shall file a sur-reply—no greater than seven pages—addressing the documents provided in Defendant United States' reply memorandum (Doc. 21), whether 25 U.S.C. § 1680c(e)(1) still applies, and whether and to what extent jurisdictional discovery is still warranted. Defendants may file a sur-reply—no greater than seven pages—addressing the arguments raised by Plaintiff in her sur-reply no later than seven days after Plaintiff files it.

**IT IS HEREBY ORDERED** granting Defendant United States' Motion to Substitute Party and Response to Application of Default (Doc. 24).

**IT IS FURTHER ORDERED** substituting the United States for the Fort Defiance Indian Hospital Board, Inc.

- 5 -

**IT IS FURTHER ORDERED** granting in part and denying in part Defendant United States' Motion to Set Aside Entry of Default and Motion to Amend United States' Motion to Dismiss to Include FDIHB as a Movant (Doc. 26). The Clerk of Court is directed to vacate the Clerk's Entry of Default (Doc. 25). No party may amend any part of their respective briefing regarding the Motion to Dismiss (Docs. 18, 20, 21) now pending before the Court. The Court will treat the Motion to Dismiss as a motion jointly brought by the United States and the Fort Defiance Indian Hospital Board, Inc.

**IT IS FURTHER ORDERED** that Plaintiff shall file a sur-reply—no greater than seven pages—addressing the documents provided in Defendant United States' reply memorandum (Doc. 21), whether 25 U.S.C. § 1680c(e)(1) still applies, and whether and to what extent jurisdictional discovery is still warranted. Defendants United States of America and the Fort Defiance Indian Hospital Board, Inc. may file a sur-reply—no greater than seven pages—addressing the arguments raised by Plaintiff in her sur-reply no later than seven days after Plaintiff files it.

Dated this 26th day of November, 2025.

Honorable John J. Tuchi
United States District Judge