**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlotte Tsosie, | No. CV-25-08065-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, *et al.*, | |
| Defendants. | |

At issue is the United States of America and Fort Defiance Indian Hospital Board's ("the Government") Motion to Dismiss for Lack of Subject Matter Jurisdiction[1] (Doc. 18, MTD), to which Plaintiff Charlotte Tsosie filed a Response (Doc. 20, Resp.) and the United States filed a Reply (Doc. 21, Reply). Pursuant to this Court's Order (Doc. 31), both parties also filed a Sur-Reply (Doc. 32, Pl. Sur-Reply; Doc. 35, Def. Sur-Reply). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants the Government's Motion.

**I.    BACKGROUND**

This matter arises from a medical procedure performed on Plaintiff by Dr. Mohammad Akhavanheidari at the Tséhootsooí Medical Center ("Hospital"). The Hospital is owned and operated by Fort Defiance Indian Hospital Board ("Board"), which receives federal funding to provide healthcare services to Navajo Nation members. (Doc. 1,

---

[1] After the United States filed its Motion to Dismiss, it was substituted for Fort Defiance Indian Hospital Board. Accordingly, the Court construes the Motion to Dismiss as being brought by both Defendants, collectively referred to as the Government. (*See* Doc. 31 at 5.)

Compl. ¶¶ 1, 8.) Plaintiff sued Dr. Akhavanheidari and the Government for medical negligence under the Federal Tort Claims Act ("FTCA"), 8 U.S.C. § 2671. The Government now moves to dismiss Plaintiff's claim for lack of subject-matter jurisdiction, arguing that it has not waived sovereign immunity.

## II.     LEGAL STANDARD

### A.     Subject-Matter Jurisdiction

A party may move to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction.").

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation modified). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

When, as here, "the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with competent proof under the same evidentiary standard that governs in the summary judgment context. The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014).

### B.     Sovereign Immunity

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). As a sovereign, the United States is amenable to suit only insofar as it has waived its immunity.

*Conrad v. United States*, 447 F.3d 760, 764 (9th Cir. 2006). "Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required because the existence of such consent is a prerequisite for jurisdiction." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (citation modified). Only Congress has the power to waive the United States' immunity, so "no contracting officer or other official is empowered to consent to suit against the United States." *United States v. Mitchell*, 463 U.S. 206, 215–16 (1983); *see also Dunn & Black, P.S.*, 492 F.3d at 1090. "[W]aiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Id*. at 1088 (citation modified).

The FTCA waives the United States' sovereign immunity for certain actions of its federal employees, 28 U.S.C. § 1346(b)(1), but generally not for independent contractors unless that independent contractor personally entered a personal services contract with a tribal organization for medical services, *see* 28 U.S.C. § 2671; 25 U.S.C § 5321(d); *Sisto v. United States*, 8 F.4th 820, 826–27 (9th Cir. 2021), *aff'ing* No. CV-20-00202-PHX-ESW, 2020 U.S. Dist. LEXIS 127083 (D. Ariz. July 20, 2020). Even if a physician is an independent contractor, a health facility operating under a self-determination contract with the federal government may designate that physician as a federal employee for the purpose of the FTCA by way of its privileging process. 25 U.S.C. § 1680c(e)(1). In doing so, the federal government extends FTCA waiver to those practitioners. *Sisto*, 8 F.4th at 828.

### C. Jurisdictional Discovery

District courts are "vested with broad discretion to permit or deny discovery," and "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation modified). "Although a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction, discovery should be granted when the jurisdictional

facts are contested or more facts are needed." *Id.* (citation modified). The party seeking discovery must "provid[e] an explanation of how discovery might change the outcome of the Court's jurisdictional findings." *See Hernandez v. Mimi's Rock Corp.*, 632 F. Supp. 3d 1052, 1062 (N.D. Cal. 2022); *see also LNS Enters. LLC v. Cont'l Motors Inc.*, 464 F. Supp. 3d 1065, 1078 (D. Ariz. 2020).

## III. ANALYSIS

Plaintiff bears the burden of establishing jurisdiction in this case, *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990), and must prove by a preponderance of the evidence that the court possesses jurisdiction, *Bhuiyan v. United States*, 772 F. App'x 564, 564 (9th Cir. 2019). Whether the Government can be sued in this matter for the alleged conduct of Dr. Akhavanheidari "depends on whether Congress has waived the Government's sovereign immunity to such suit, either in the FTCA or another federal statute." *Lee v. United States*, No. CV 19-08051-PCT-DLR (DMF), 2020 U.S. Dist. LEXIS 211198, at *4 (D. Ariz. Sep. 18, 2020) (citing *Dunn & Black, P.S.*, 492 F.3d at 1090). As described above, the FTCA requires that, for this case to fall within the Court's subject-matter jurisdiction, Dr. Akhavanheidari must have been a federal employee acting within the scope of his office or employment.

Plaintiff originally alleges that Dr. Akhavanheidari was a federal employee at the time he provided medical services to Plaintiff (Compl. ¶ 5). In moving to dismiss, the Government argued that Dr. Akhavanheidari was an independent contractor under the Ninth Circuit's "control" test, as set forth in *Carrillo v. United States*, 5 F.3d 1302, 1304 (9th Cir. 1993). (*See, e.g.*, MTD at 4–7). In support of its argument, the Government provided evidence that Dr. Akhavanheidari was placed at the Hospital through a locum tenens contract with a medical staffing agency, Staff Care, and the Board had little control over Dr. Akhavanheidari's actions except for setting his schedule. (*See* Doc. 18-1 at 2–5, ¶¶ 7–10, 12, 14; Doc. 18-1 at 73–82.)

In response, Plaintiff makes no attempt to dispute that Dr. Akhavanheidari was an independent contractor (*see* Resp.), and the Court deems the point conceded. *Doe v.*

*Dickenson*, 615 F. Supp. 2d 1002, 1010 (D. Ariz. 2009). Instead, Plaintiff asserts that her FTCA claim falls within a different, more narrow exception to sovereign immunity, as set forth by 25 U.S.C. § 1680c(e)(1). That Section states:

> Hospital privileges in health facilities operated and maintained by the Service or operated under a contract or compact pursuant to the Indian Self-Determination and Education Assistance Act . . . may be extended to non-Service health care practitioners who provide services to individuals . . . **Such non-Service health care practitioners may, as part of the privileging process, be designated as employees of the Federal Government for purposes of [the FTCA]** only with respect to acts or omissions which occur in the course of providing services to eligible individuals as a part of the conditions under which such hospital privileges are extended.

25 U.S.C. § 1680c(e)(1) (emphasis added). Plaintiff claims that the Board could have designated Dr. Akhavanheidari as a federal employee through its internal privileging process and jurisdictional discovery is warranted because the Government possesses documents that "would normally evidence or refute a § 1680c(e)(1) designation," like a performance work statement, physician contract, privileging documentation, and hospital records addressing whether FTCA coverage occurred. (Resp. at 6.)

In reply, the Government produced Dr. Akhavanheidari's privileging file that includes his completed General Surgical Privileges Request Form (Doc. 21-1 at 83–89) and the Chief of Medical Staff's letter to Dr. Akhavanheidari conferring him privileges (*id.* at 91), the Board's medical staff bylaws that describe the privileging process (*id.* at 6–81), and the declaration of the Board's credentialing coordinator averring that the Board does not prepare "performance work statements" (*id.* at 2–4.) The Government contends that nowhere within these documents does the Board designate Dr. Akhavanheidari as a federal employee or extend FTCA coverage to him. (Reply at 5.)

In her Sur-Reply, Plaintiff states that those documents are "irrelevant," and courts applying Section 1680c(e)(1) "require[] an analysis of additional documents beyond what the Defendants have provided here." (Pl. Sur-Reply at 2, 4.) In other words, Plaintiff argues

that the scope of Section 1680c(e)(1) extends beyond the privileging process, so jurisdictional discovery of additional documents is essential.

A review of the case law is necessary to determine whether Plaintiff's position bears legal merit. There are only four cases discussing Section 1680c(e)(1) in this Circuit. In each case, like the one at bar, a patient was allegedly injured by a physician who was placed at an Indian health facility to perform medical services pursuant to a contract between the hospital and a medical staffing agency.

The earliest case is *Tsosie v. United States*, in which a court in this District held that a physician was designated a federal employee pursuant to Section 1680c(e)(1). No. CV-18-00494-PHX-SPL, 2019 U.S. Dist. LEXIS 99196, at *10–11 (D. Ariz. June 12, 2019). There, the hospital drafted a performance work statement that contained a "FTCA Clause," which affirmatively stated that FTCA coverage extended to "nonpersonal service contractors" so long as they provided services at the hospital to Indian Health Services beneficiaries. *Id*. at *3. Believing the physician was covered under the FTCA, the physician's staffing agency did not obtain separate medical malpractice insurance for his work at the hospital. *Id*. The staffing agency relayed this assumption in a "Letter of Confirmation" to the hospital, writing that it carried no malpractice insurance for the physician because he was "Covered under Federal Tort." *Id*. at *10. The court held that whether these documents were a part of the hospital's privileging process was "irrelevant because [Section 1680c(e)(1)], alongside the language in the PWS, confers federal status upon the physician granted hospital privileges." *Id*. Even if the hospital was not authorized to waive the United States' sovereign immunity by including the FTCA Clause in the performance work statement, the court found "that the Government's actions and the representations it made to [the staffing agency and physician] are sufficient to deem him a federal employee pursuant to 25 U.S.C. § 1680c(e)(1)." *Id*.

One month later, the same court held that an independent contractor physician was not designated a federal employee. *Yoe v. United States*, No. CV-18-08112-PCT-SPL, 2019 U.S. Dist. LEXIS 128437, at *16 (D. Ariz. July 31, 2019). There, the language

contained in the performance work statement was, once again, the determining factor. The court held that no designation took place because the statement contained permissive language unlike the affirmative statement in *Tsosie*. *Id*.

The next year, a different court in this District held that conferral of FTCA coverage contained in documents extraneous to the privileging process, such as a performance work statement, are insufficient to designate a physician as a federal employee under Section 1680c(e)(1). *Lee*, 2020 U.S. Dist. LEXIS 211198, at *45. There, the hospital provided a performance work statement that contained a "FTCA Clause" like the one in *Tsosie*. *Id*. at *25. Based on this clause, the physician did not obtain separate medical malpractice insurance for his work at the hospital. *Id*. at *27–28. The physician was even assured by hospital administrators, in writing and verbally, that the physician was covered under the FTCA. *Id*. at *29. Still, the court held that it "must strictly construe § 1680c(e)(1) as requiring not just that [the physician] was privileged to practice at [the hospital], but that he was designated as an employee of the Federal Government as part of the privileging process." *Id*. at *44. There was no express designation found in the privileging documents—of which the performance work statement and written assurances were not a part—so the physician was not a federal employee for the purposes of Section 1680c(e)(1). *Id*. at *48–49.

Finally, the issue of Section 1680c(e)(1)'s scope reached the Ninth Circuit. In *Sisto*, a physician was granted hospital privileges to provide emergency services by virtue of his staffing agency's contract with the hospital. 8 F.4th at 824. As far as the Ninth Circuit relates, there was no performance work statement, letter of conferral, or administrative assurances to the physician that implied FTCA coverage like that which existed in *Tsosie*, *Yoe* and *Lee*. *Id*. at 823–24. The only privileges extended to the physician derived from the staffing agency's contract with the hospital. *Id*.; *see also Sisto*, 2020 U.S. Dist. LEXIS 127083, at *10 ("[The physician] obtained privileges at [the hospital] pursuant to the Agreement between [the hospital] and [the staffing agency]."). The contract also required the staffing agency to maintain its own liability insurance to provide coverage for its

1 physicians, indemnify the hospital for acts of its physicians, and acknowledge that the
2 contract created no employer-employee relationship between the hospital and physician.
3 *Sisto*, 8 F.4th at 829. The court held that Section 1680c(e)(1) "does not stand for the
4 proposition that the issuance of hospital privileges alone provides FTCA coverage." *Sisto*,
5 8 F.4th at 829. Rather, the designation must occur as a part of the privileging process.
6 Where, as in *Sisto*, the evidence shows only that the hospital granted privileges to a
7 physician by virtue of that physician's staffing agency contract, Section 1680c(e)(1)
8 conferred no FTCA coverage to that physician. *Id.*

9 The earlier case law within this Circuit, *Tsosie* and *Yoe*, seems at odds with later
10 case law, *Lee* and *Sisto*. In the former group, the courts found that evidence extraneous to
11 the privileging process sufficiently implied FTCA coverage. This is the approach Plaintiff
12 urges this Court to take here, arguing that the Court should "look beyond formal privileging
13 documents and consider the totality of evidence" (Pl. Sur-Reply at 6). In the latter group,
14 however, the courts read Section 1680c(e)(1) to require that the designation occur within
15 the privileging process. The fact that a physician was merely conferred privileges is
16 inadequate. Evidence extraneous to the privileging process, including a performance work
17 statement conferring FTCA coverage and administrative assurances of FTCA coverage, is
18 also insufficient.

19 This Court follows the latter group of cases, which includes circuit law. The plain
20 language of Section 1680c(e)(1) conditions the United States' waiver of sovereign
21 immunity upon the physician being "designated" as a federal employee "as a part of the
22 privileging process." The Court strictly construes this language in favor of the sovereign.
23 *Dunn & Black, P.S.*, 492 F.3d at 1088. Therefore, the Court rejects Plaintiff's argument
24 that the law of the Ninth Circuit extends federal employee designation under Section
25 1680c(e)(1) "where a physician is privileged by a tribal facility and the surrounding
26 documentation reflects an intent to designate the contractor as an employee for purposes
27 of FTCA coverage" (Pl. Sur-Reply at 6), which is directly contrary to principles of
28

sovereign immunity that require Congress's express waiver and is adverse to the holdings of *Lee* and, more importantly, the binding *Sisto*.

Now, the operative question before this Court is whether the evidence demonstrates that the Board designated Dr. Akhavanheidari a federal employee during its privileging process. The record includes the Hospital's bylaws that set forth the entire clinical privileging process (Doc. 21-1 at 13–30), Dr. Akhavanheidari's application for privileges (*id*. at 83–89) and resulting conferral document issued by the Hospital (*id*. at 91). The Government contends that these documents make no reference to FTCA coverage or federal employment designation. (Reply at 4; Def. Sur-Reply at 2–3.)

The Court provided Plaintiff an opportunity to address these documents in a sur-reply. (*See* Doc. 31 at 5.) And yet, Plaintiff does not explain why she views these documents as "irrelevant" to whether a designation occurred, does not dispute that these documents contain no reference to a federal employee designation or conferral of FTCA coverage, does not identify any notable gaps or references to unproduced documents that could be remedied by further discovery, and does not estimate—generally or otherwise— what other documents the Government or Dr. Akhavanheidari could have in their possession that pertains to a Section 1680c(e)(1) designation. In fact, Plaintiff makes no observation about the documents produced by the Government at all.

Instead, Plaintiff argues that there is a "possibility of other evidence" that demonstrates the requisite designation. (Pl. Sur-Reply at 5.) But under *Lee* and *Sisto*, evidence of designation must arise from the privileging process, and "other evidence" that falls outside of that process is insufficient to establish an express waiver of sovereign immunity under Section 1680c(e)(1). Even if Plaintiff believed that Section 1680c(e)(1) looks to documents outside the privileging process, which it does not, these documents produced by the Government are still plainly relevant to whether a Section 1680c(e)(1) designation occurred. There is no reason for Plaintiff's failure to address these documents in her Sur-Reply, and the Court takes Plaintiff's silence as a concession that those documents lack the requisite designation or conferral of FTCA coverage under Section

1680c(e)(1). *Doe*, 615 F. Supp. 2d at 1010. Because Plaintiff has not "provid[ed] an explanation of how discovery might change the outcome of the Court's jurisdictional findings," *Hernandez*, 632 F. Supp. 3d at 1062, she fails to convince this Court that jurisdictional discovery is warranted.

In reviewing the evidence before the Court, it appears that the Hospital and Board merely granted Dr. Akhavanheidari privileges pursuant to a placement contract between the Hospital and Dr. Akhavanheidari's staffing agency. Those privileging documents contain no federal employee designation or reference to the FTCA at all. Therefore, Dr. Akhavanheidari is not a federal employee of the Government under Section 1680c(e)(1).

**IV.   CONCLUSION**

Plaintiff fails to show by a preponderance of the evidence that this Court possesses jurisdiction. First, Plaintiff concedes that Dr. Akhavanheidari is an independent contractor under the FTCA. Second, the record indicates that the Hospital and Board did not designate Dr. Akhavanheidari during its privileging process. Jurisdictional discovery on this point is not warranted because Plaintiff fails to demonstrate that additional facts would constitute a basis for jurisdiction under the Ninth Circuit case law regarding sovereign immunity principles and Section 1680c(e)(1). *Laub*, 342 F.3d at 1093.

Dr. Akhavanheidari is not a federal employee for the purposes of the FTCA and Section 1680c(e)(1), so the Government did not waive its sovereign immunity to Plaintiff's suit. Therefore, this Court lacks subject-matter jurisdiction under the FTCA and must dismiss Plaintiff's Complaint entirely, because Plaintiff alleges no other basis for jurisdiction. (*See* Compl. ¶ 19.) *Doe v. United States*, No. 2:24-cv-03601-MEMF-AJR, 2025 LX 173627, at *3 (C.D. Cal. June 24, 2025) ("[W]here the FTCA is inapplicable, the Court must dismiss for lack of subject matter jurisdiction."); *Lee*, 2020 U.S. Dist. LEXIS 211198, at *10 ("[C]laims under the FTCA may only be brought against the United States.").

. . .

Accordingly, the Court will dismiss Plaintiff's Complaint without prejudice and with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). No later than fourteen days from the date of this Order, Plaintiff may file an amended complaint alleging a sufficient basis for this Court's subject-matter jurisdiction over her claim. If Plaintiff fails to file an amended complaint within fourteen days of the date of this Order, the Clerk of Court shall dismiss this matter without further notice.

**IT IS ORDERED** granting Defendants' Motion to Dismiss (Doc. 18).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1) without prejudice and with leave to amend. No later than fourteen days from the date of this Order, Plaintiff may file an amended complaint alleging a sufficient basis for this Court's subject-matter jurisdiction over her claim.

**IT IS FURTHER ORDERED** directing the Clerk of Court to dismiss this matter without further notice if Plaintiff fails to file an amended complaint within fourteen days of the date of this Order.

Dated this 22nd day of December, 2025.

Honorable John J. Tuchi
United States District Judge